There is no "false rumor spreader" exception to the employment-at-will doctrine. Whether Rossi was correct or incorrect does not equate with a violation of public policy. See *Painter, supra,* 70 Ohio St.3d at 384, 639 N.E.2d at 56–57, citing *Greeley,* 49 Ohio St.3d at 234, 551 N.E.2d at 986–987. In other words, even the "perceived whistleblowing" was not protected conduct.

The circumstances of this case would require a court to take yet another bold leap at eroding the employment-at-will doctrine. We are asked to include a mistaken belief in an employee's spreading false rumors as a public-policy exception to the employment-at-will doctrine. If, indeed, this is going to be an exception, it should be prescribed by the Supreme Court, or better yet, by the legislature.

*Judgment accordingly.*

**DURACLEAN RESTORATION AND CLEANING SERVICES, INC.**

v.

**DESANTIS.**

Avon Lake Municipal Court, Ohio.

No. 97CVI00110.

Decided May 22, 1998.

Rego, Cullen & Hagan Co., L.P.A., and James P. Cullen, for plaintiff.

Martin J. Conry, for defendant.

JOHN F. MACKIN, Judge.

Defendant Elisco Desantis moved to dismiss on the basis of improper venue.

The defendant executed plaintiff's form document entitled "Access and Work Authorization." The document gave access and authorization for the purpose of cleaning and making necessary repairs to personal property as a result of water damage —— sewer backup. The document was attached to the complaint, reading:

"Bill to: Allstate Insurance, Hudson, Ohio

"Customer: Elisco Desantis, Lorain, Ohio

"Job Site: Lorain, Ohio"

The plaintiff is located in Avon, Ohio. Avon is within the territorial jurisdiction of the Avon Lake Municipal Court. Lorain is within the territorial jurisdiction of the Lorain Municipal Court.

The plaintiff relies upon Civ.R. 3(B)(6) and the premise that the "breach occurred at the place where payment was due."

Civ.R. 3(B)(6) provides that venue is proper in the county in which "all or part of the claim for relief arose." The court in Lorenz Equip. Co. v. Ultra Builders, Inc. (Feb. 23, 1993), Franklin App. No. 92 AP–1445, unreported, 1993 WL 51095, in effect defined "claim" as "default of payment." It substituted "default of payment" for "claim." The default is not the claim because the claim arises prior to the default and the default merely triggers action on the claim. Considering the plain meaning of words, neither "default of payment" nor "breach" is a "claim." You might be able to substitute "default of payment" for "breach," but you cannot substitute "breach" for "claim." It is obvious that

*Lorenz* enlarges venue. The rule should be strictly construed rather than enlarged.

A review of the cited cases shows that they are distinguishable. The exhibits do not show agreement for payment but only access and work authorization. The plaintiff's invoice with an Avon address clearly states, "Bill to: Allstate Insurance Company, P.O. Box 427, Hudson, Ohio 44236."

■ Per exhibits, there was no payment due from the defendant at plaintiff's place of business, and thus there can be no default of payment because there was no claim. Therefore, venue is improper.

This court declines to follow *Lorenz Equip. Co. v. Ultra Builders, Inc., supra.*

*Motion to dismiss granted.*